UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES LANGFORD,

    Plaintiff,

v.

CARRIE KIENITZ, et al.,

    Defendants.
_____/

Case No. 2:22-cv-152

HON. JANE M. BECKERING

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Plaintiff's allegations that Defendants, employees of the Alger Correctional Facility (LMF) in Munising, Michigan, violated his constitutional rights by interfering with his receipt of legal mail (ECF No. 1 at PageID.13–14). The Court screened Plaintiff's Complaint and dismissed all but his Fourteenth Amendment due process clause claims premised upon the lack of notice and opportunity to be heard with respect to the rejected mail (ECF No. 13). All Defendants but Defendant Kienitz have been dismissed (*see* ECF No. 27). On July 8, 2024, Defendant Kienitz filed a motion for summary judgment, arguing that Plaintiff cannot show that the post-deprivation remedies available to him were inadequate (ECF No. 31 at PageID.181–84). Plaintiff did not file a response. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) on October 25, 2024 (ECF No. 33). The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation (ECF No. 34).

The Magistrate Judge concluded that Plaintiff's due process claim is controlled by the doctrine first set forth in *Parratt v. Taylor*, 451 U.S. 527 (1981). Pursuant to *Parratt* and its progeny, and because the Magistrate Judge concludes that Plaintiff has failed to establish or allege that his available post deprivation remedies were inadequate, the Magistrate Judge recommends that the Court grant Defendant's motion. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.

The Court denies the objections and issues this Opinion and Order.

***First***, Plaintiff's introductory paragraph reiterates that he "has not received [the] notice or the 'prompt' hearing" required by Michigan Department of Corrections ("MDOC") policy (ECF No. 34 at PageID.244)

This Court's Local Civil Rule 72.3(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days after being served with a copy thereof unless a different time is prescribed by the magistrate judge or a district judge." W.D. Mich. LCivR 72.3(b). "Such party shall file and serve written objections which shall <u>specifically identify</u> the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *Id* (emphasis added). "Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof." *Id.*

Objections must address the "factual and legal" issues "at the heart of the parties' dispute" to enable review by the district court. *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Objections that dispute only the general correctness of the report and recommendation are insufficient. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932

2

F.2d 505, 509 (6th Cir. 1991) (reasoning that where a party files an objection that is not sufficiently specific, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks")). *See also Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72.")

Plaintiff's introductory paragraph does not identify a portion of the Report and Recommendation to which Plaintiff objects, nor does it articulate a way in which the Magistrate Judge erred. Accordingly, to the extent this section of Plaintiff's document is an objection to the Report and Recommendation, it is properly denied.

**Second**, Plaintiff contends that *Parratt*, *supra*, does not apply under these circumstances. However, *Parratt* squarely applies to deprivations of property by "random and unauthorized act[s]" of state employees (R&R, ECF No. 33 at PageID.241 (citing *Parratt*, 451 U.S. at 537)). The touchstone is whether the deprivation was done pursuant to established state procedure (*see* R&R, ECF No. 33 at PageID.241 (citing *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984))). As the Magistrate Judge noted, "[i]f an adequate post-deprivation remedy exists, the deprivation, although real, is not without due process of law . . . as long as the deprivation was not done pursuant to an established state procedure" (*id*. (quotation marks and citations omitted)). Here, Plaintiff himself alleges that Defendant's actions were taken contrary to established state procedure. Accordingly, *Parratt* applies and this objection lacks merit.

***Third***, Plaintiff argues that he "could not adequately challenge" the deprivation of his mail through the MDOC grievance process because he was "not given anything tangible as to what was taken" and because his mail was "quickly destroyed" (ECF No. 34 at PageID.246).

Although district courts must engage anew with issues raised after a magistrate judge's report and recommendation, the Sixth Circuit has generally articulated that "issues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived." *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (quoting *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000)).  In addition, while the allegations within a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), parties proceeding without counsel must nonetheless adhere to basic procedural requirements, including the rules governing briefing schedules.  *See United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (holding that even pro se litigants must comply with the basic procedural requirements for bringing civil claims)).

Because Plaintiff did not respond to Defendant's motion for summary judgment, he untimely raises this argument for the first time in his objection.  The objection is properly denied on this basis.  Furthermore, the Magistrate Judge correctly noted that "the Sixth Circuit has held that the grievance process is an adequate post-deprivation remedy where a prisoner alleges that his legal mail was opened outside his presence and searched" (R&R, ECF No. 33 at PageID.242 (citing *Calhoun v. Morris*, 2023 WL 5009669, *3 (6th Cir., July 31, 2023) (granting summary judgment on Plaintiff's due process claim, reasoning that Plaintiff "presented no evidence that he did not have an adequate post-deprivation remedy in the form of the MDOC's grievance process"))).  Moreover, post-deprivation remedies can be adequate even if they do not result in return of the

4

property or cannot otherwise fully compensate for a loss. *Hudson*, 468 U.S. at 535. Thus, Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 34) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 33) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 30) is GRANTED.

Dated: February 10, 2025      /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge